J-S31007-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOSE RIVERA | |
| Appellant | No. 554 EDA 2021 |

Appeal from the PCRA Order Entered February 11, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0009075-2012

BEFORE: STABILE, KING, and PELLEGRINI,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED JANUARY 24, 2022**

Appellant, Jose Rivera, appeals from the February 11, 2021 order dismissing his petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. We affirm the order and grant counsel's petition to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

The record reveals that Appellant has been sentenced and resentenced for a series of drug offenses and resulting probation violations. For the conviction presently before us, the trial court imposed 2 ½ to 5 years of incarceration for possession with intent to deliver ("PWID") a controlled substance (heroin), 35 P.S. § 780-113(a)(30). Counsel has filed a brief,

_____

[*] Retired Senior Judge assigned to the Superior Court.

purportedly pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. McClendon**, 434 A.2d 1185 (1981), **abrogated**, **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). Appellant's Brief at 10-11.

Counsel acknowledges that **Anders** does not govern collateral actions, but he nonetheless filed an **Anders** brief because **Anders** offers greater protection that would a **Turner**/**Finley** no merit letter. **See Commonwealth v. Fusselman**, 866 A.2d 1109, 1111 n.3 (2004) ("A **Turner/Finley** no merit letter is the appropriate filing. However, because an **Anders** brief provides greater protection to the defendant, we may accept an **Anders** brief in lieu of a **Turner/Finley** letter."), **appeal denied**, 882 A.2d 477 (Pa. 2005). While an **Anders** brief is acceptable on collateral review even though a no merit letter is the appropriate filing, counsel must adhere to all the **Turner**/**Finley** requirements:

> Counsel petitioning to withdraw from PCRA representation [...] under [**Turner/Finley**] ... must review the case zealously. **Turner/Finley** counsel must then submit a 'no-merit' letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the 'no merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> [W]here counsel submits a petition and no-merit letter that ... satisfy the technical demands of **Turner/Finley**, the court—

trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

*Commonwealth v. Doty*, 48 A.3d 451, 454 (Pa. Super. 2012). The record reflects that counsel filed a petition to withdraw with this Court on August 2, 2021. In compliance with *Turner*/*Finley*, counsel served that petition on Appellant along with a copy of this brief and notified Appellant of his right to proceed *pro se* or with new counsel. Appellant has not responded. We therefore proceed to the merits.

On review, we must determine whether the record supports the PCRA court's findings of fact, and whether its legal conclusions are free of error. *Commonwealth v. Feliciano*, 69 A.3d 1270-1274-75 (Pa. Super. 2013). We review the PCRA court's legal conclusions *de novo*. *Commonwealth v. Medina*, 92 A.3d 1210, 1215 (Pa. Super. 2014) (*en banc*), *appeal dismissed*, 140 A.3d 675 (Pa. 2016).

Counsel's brief addresses the timeliness of the petition and the legality of the sentence. We begin with the former. The PCRA's jurisdictional time limit requires that any petition be filed within one year of the date on which the judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). Here, the trial court imposed the violation of probation sentence on January 3, 2019, and Appellant did not file a post-sentence motion or direct appeal. The Commonwealth notes in its brief that Appellant's judgment of sentence became final on February 4, 2019 because February 2, 2019, the thirtieth day

in the appeal period, fell on a Saturday. Commonwealth's Brief at 7, n.4. According to the certified docket, Appellant's *pro se* petition was filed February 5, 2020, or one day late. The PCRA court, without elaborating, treats the petition as timely. PCRA court Opinion, 4/28/21, at 2. Pursuant to the prisoner mailbox rule, a *pro se* inmate's filing is deemed filed on the date he deposited it with prison authorities or placed it in the prison mailbox. **Commonwealth v. Jones**, 700 A.2d 423, 425-26 (Pa. 1997). The record contains no evidence on this point. Assuming, however, that Appellant mailed his petition or placed it with prison authorities at least one day prior to the date on which it is time stamped, the petition is timely under **Jones**. Thus, we will not remand to the PCRA court for consideration of the timeliness of this petition under the mailbox rule.

As to the merits, we agree with counsel's conclusion that Appellant has no viable challenge to the legality of his sentence. It appears Appellant's primary complaint is with the DOC's computation of his time served. That matter is properly addressed to the Pennsylvania Commonwealth Court. **See, e.g., Foxe v. Pennsylvania Dep't of Corr.**, 214 A.3d 308 (Pa. Commw. 2019) (mandamus action against the DOC in the original jurisdiction of the Commonwealth Court).

Insofar as Appellant wishes to challenge the legality of his sentence[1] under 9543(a)(2)(vii) (prohibiting imposition of a sentence greater than the lawful maximum), the record reflects that, on March 31, 2014, the trial court imposed 11½ to 23 months of incarceration, followed by three years of probation for ("PWID") a controlled substance (heroin). 35 P.S. § 780-113(a)(30). As of that date, Appellant had one prior conviction for PWID, stemming from an arrest in 2006. The statutory maximum sentence for a second PWID conviction is 30 years (360 months), or twice the 15-year (180-month) statutory maximum for his first offense. *See* 35 P.S. § 780-113(f)(1) (providing a 15-year maximum or a first offense of possession with intent to deliver Schedule I or II narcotic); 35 P.S. § 780-115(a) (doubling the applicable statutory maximum for a second or subsequent offense).

Appellant was found in violation of his probation on January 7, 2015, October 11, 2016, and March 1, 2018. On those three occasions, the trial court reimposed the same sentence of 11½ to 23 months of incarceration followed by three years of probation, with credit for time served. On January 3, 2019, the trial court found Appellant in violation of probation for the fourth time and imposed 2½ to 5 years of incarceration with credit for time served. We need not calculate the amount of time Appellant served prior to the

---

[1] "The issue of whether a sentence is illegal is a question of law and our scope of review is plenary." *Commonwealth v. Crump*, 995 A.2d 1280, 1283 (Pa. Super. 2010), *appeal denied*, 13 A.3d 475 (Pa. 2010).

sentence presently at issue. Even if he served out the maximum term of each of his four previous 23-month sentences (he did not) for a total of 96 months, and even if he serves the 60-month maximum term of his present sentence, for a total 156 months, his sentence falls well within the 360-month maximum. Moreover, any time Appellant spent on probation was to be given due consideration by the trial court, but the trial court was not required to consider prior probation time against the maximum allowable term of incarceration. *See* 42 Pa.C.S.A. § 9771(b) ("Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation."); *see also*, *Crump*, 995 A.2d at 1283-84. The trial court's sentence was legal. Based on our independent review of the record, we agree with counsel that this appeal is of no merit.

Order affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/24/2022

- 6 -